# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>WOODBRIDGE GROUP OF COMPANIES, LLC, *et al.*,[1]<br><br>Remaining Debtors. | Chapter 11<br><br>Case No. 17-12560 (BLS)<br><br>(Jointly Administered) |
| MICHAEL GOLDBERG, as Liquidating Trustee of Woodbridge Liquidation Trust, successor in interest to the estates of WOODBRIDGE GROUP OF COMPANIES, LLC *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>MAINSTAR TRUST, CUSTODIAN FOR THE BENEFIT OF LORIE GORMAN; LORIE GORMAN,<br><br>Defendants. | Adv. Proc. No. 19-50567 (BLS)<br><br>**Jury Trial Demanded** |

**ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS
TO COMPLAINT FOR AVOIDANCE OF PREFERENTIAL AND FRAUDULENT
TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 547, 548 & 550**

Defendants Mainstar Trust, Custodian for the Benefit of Lorie Gorman and Lorie Gorman on behalf of herself and Mainstar Trust (together, the "Defendant"), by and through undersigned counsel, hereby answer Plaintiff's Complaint and asserts affirmative defenses. All allegations not expressly admitted herein are denied.

---
[1]

1

## NATURE OF THE ACTION

1. Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

## THE PARTIES

2. Admitted.

3. Denied, except to admit that Defendant Gorman resides in the State of Texas.

## JURISDICTION AND VENUE

4. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 4 are denied.

5. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 5 are denied.

6. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 6 are denied. Defendants do not consent to the entry of a final order of judgment by this Court.

7. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 7 are denied.

8. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 8 are denied.

## CASE BACKGROUND

9. Admitted.

10. Admitted.

## FACTS

11.     The Confirmation Findings speak for themselves.

12.     Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

13.     Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

14.     Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

15.     Denied, except to admit that Defendant invested with the Debtors and received a return of principal and interest.

16.     Denied, except to admit that Defendant received a payment representing a return of principal prior to the Petition Date.

17.     This paragraph states legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations in paragraph 17 are denied.

18.     Denied, except to admit that, prior to the Petition Date, Defendant received certain interest payments from the Debtors on account of the investments.

19.     This paragraph states legal conclusions to which no responsive pleading is required.  To the extent an answer is required, the allegations in paragraph 19 are denied.

## FIRST CLAIM FOR RELIEF

### (Avoidance of Preferential Transfers -11 U.S.C. § 547)

20.     Defendant incorporates his responses to the allegations in paragraphs 1-19 of the Complaint as if set forth herein.

21. Denied, except to admit that Defendant received a payment representing a return of principal prior to the Petition Date.

22. Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

23. Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

24. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 24 are denied.

25. Denied. By way of further answer, the Transfer represented a contemporaneous exchange for the release of certain note obligations owed by the Debtor.

26. Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

27. Defendant has insufficient knowledge or information to information to respond to the allegations in this paragraph; they are therefore denied.

28. Admitted.

29. Denied.

## SECOND CLAIM FOR RELIEF

**(Recovery of Property – 11 U.S.C. § 550)**

30. Defendant incorporates his responses to the allegations in paragraphs 1-29 of the Complaint as if set forth herein.

31. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 31 are denied.

32. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 32 are denied.

33. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 33 are denied.

### THIRD CLAIM FOR RELIEF

**(To Avoid Intentionally Fraudulent Transfers
under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and Cal Civ. Code § 3439, *et seq.*)**

34. Defendant incorporates his responses to the allegations in paragraphs 1-33 of the Complaint as if set forth herein.

35. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 35 are denied.

36. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 36 are denied.

### FOURTH CLAIM FOR RELIEF

**(Recovery of Property – 11 U.S.C. §§ 544(b) and 550 and Cal. Civ. Code § 3439, *et seq.*)**

37. Defendant incorporates his responses to the allegations in paragraphs 1-36 of the Complaint as if set forth herein.

38. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 38 are denied.

39. This paragraph states legal conclusions to which no responsive pleading is required. To the extent an answer is required, the allegations in paragraph 39 are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

41. The Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

42. The claims set forth in the Complaint are barred under the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

43. The claims set forth in the Complaint are barred under the doctrines of waiver, laches, unclean hands, in pari delicto, and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

44. The obligations incurred by the Debtors were incurred in the ordinary course of business.

### FIFTH AFFIRMATIVE DEFENSE

45. Plaintiff may not recover the alleged preferential payments because the parties intended the transfers to be part of a contemporaneous exchange for new value given to the Debtors and the transfers were, in fact, substantially contemporaneous under 11 U.S.C. § 547(c).

### SIXTH AFFIRMATIVE DEFENSE

46. Some or all payments made by the Debtors to Defendant were made in the ordinary course of business pursuant to 11 U.S.C. § 547(c)(2).

### SEVENTH AFFIRMATIVE DEFENSE

47. To the extent that the transfers were otherwise avoidable under 11 U.S.C. § 547(b), after such transfers, Defendant or a creditor to or for whose benefit such transfers were made, gave

new value to or for the benefit of the Debtors (A) not secured by an otherwise unavoidable security interest; and (B) on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of Defendant or such creditor(s).

**EIGHTH AFFIRMATIVE DEFENSE**

48. Any transfer made by the Debtors was made in exchange for reasonably equivalent consideration and/or supported by valuable consideration.

**NINTH AFFIRMATIVE DEFENSE**

49. At all relevant times, Defendant was not an insider of the Debtors.

**TENTH AFFIRMATIVE DEFENSE**

50. At all times relevant hereto, Debtors were solvent.

**ELEVENTH AFFIRMATIVE DEFENSE**

51. The Debtors were not made insolvent as a result of any transaction described herein.

**TWELFTH AFFIRMATIVE DEFENSE**

52. Any transfer described in the Complaint was made to Defendant in payment of a debt in good faith, and without knowledge of the avoidability of the alleged transfer pursuant to 11 U.S.C. § 550(b).

**THIRTEENTH AFFIRMATIVE DEFENSE**

53. The Defendant reserves the right to assert other defenses as this action proceeds and reserve the right to file an Amended Answer asserting additional affirmative defenses.

**FOURTEENTH AFFIRMATIVE DEFENSE**

54. To the extent the Transfers are otherwise avoidable, they are protected from judgement and/or collection by virtue of their status as funds held in an Individual Retirement Account.

## JURY TRIAL DEMANDED

55. Defendant demands a Jury Trial in this Action.

WHEREFORE, Defendant respectfully requests this Court enter an order i) dismissing the Complaint in its entirety with prejudice and ii) granting such further relief as is fair and just to the Defendant.

Dated: December 18, 2019
Wilmington, DE

*s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
LAW OFFICES OF JOYCE, LLC
1225 King Street
Suite 800
Wilmington, DE 19801
(302)-388-1944
mjoyce@mjlawoffices.com

*Counsel to Defendants Mainstar Trust, Custodian for the Benefit of Lorie Gorman and Lorie Gorman on behalf of herself and Mainstar Trust*